UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

#14 (10/27)

| Case No. | EDCV 20-1541 PSG (SPx) | Date | October 27, 2020 |
|---|---|---|---|
| Title | Kenneth Ray Parson v. John Christner Trucking, LLC et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   The Court GRANTS the motion to remand.

    Before the Court is a motion to remand filed by Plaintiff Kenneth Ray Parson ("Plaintiff"). *See* Dkt. # 14 ("*Mot.*"). Defendants John Christner Trucking, LLC and Richard Lee Dilling ("Dilling") (collectively, "Defendants") opposed, *see* Dkt. # 19 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 20 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion.

I.    Background

    On July 17, 2019, Plaintiff initiated this action against Defendants in the San Bernardino County Superior Court, alleging injuries from an accident between Plaintiff's automobile and Defendants' semi-truck. *See Mot.* 3:3 7; *see generally Complaint*, Dkt. # 2-1 ("*Compl.*"). On July 31, 2020, Defendants removed the case to this Court based on diversity jurisdiction. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 6 14. Plaintiff now moves to remand the case to the Superior Court, arguing that Defendants failed to timely remove this case. *See generally Mot.* The Court agrees. Accordingly, the Court **GRANTS** Plaintiff's motion.

II.    Legal Standard

    "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 20-1541 PSG (SPx) | Date | October 27, 2020 |
| Title | Kenneth Ray Parson v. John Christner Trucking, LLC et al | | |

be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.   Discussion

The removal statute provides that a notice of removal must be filed either (1) within thirty days after the defendant is served with the initial pleading, or (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2) (3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 93 (9th Cir. 2005).

Plaintiff served Defendants with the complaint on June 25, 2020, but Defendants did not remove the case until July 31. *See* NOR ¶¶ 1 2. Accordingly, Plaintiff asserts that removal was untimely. *See generally* Mot.

Defendants argue that (1) Plaintiff's service of Dilling pursuant to Cal. Civ. Proc. § 415.30 was not effective, and (2) if Dilling was served under Cal. Civ. Proc. § 415.40, removal was timely.[1] Because the Court finds that Dilling was properly served under § 415.30, the Court does not address Defendants' second argument.

A.   Service Under Cal. Civ. Proc § 415.30

Service under § 415.30 "is deemed complete on the date a written acknowledgement of receipt is executed, if such acknowledgment thereafter is returned to sender." Cal. Civ. Proc. § 415.30(c). Defendants first argue that service was deficient because, on the Proof of Service, Plaintiff did not include the address to which process was sent. *See* Opp. 4:23 25. This argument lacks merit. Section 415.30 does not require that the proof of service itself include the

---

[1] Defendants also argue that Plaintiff failed to comply with the requirements of Local Rule 7-3 before bringing their motion. *See* Opp. 5:20 27. The Court declines to deny the motion on this ground.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-1541 PSG (SPx) | Date | October 27, 2020 |
|---|---|---|---|
| Title | Kenneth Ray Parson v. John Christner Trucking, LLC et al | | |

address to which process was sent. *See* Cal. Civ. Proc. § 415.30. Defendants cite no caselaw, and the Court found none, mandating such a requirement.

Defendants also argue that no written acknowledgment of service was executed or returned to Plaintiff's counsel.[2] *See Opp.* 4:25 27. Defendants assert that "[t]he Summons, Complaint, and Notice of Acknowledgment and Receipt had been mailed to Richard Lee Dilling's mother's residence while he was away performing his job duties as a long-haul truck driver," and therefore Dilling "was unaware of the attempted service on him . . . until July 29." *See id*. 2:25 3:3.

Defendants' arguments are contradicted by Plaintiff's exhibits, which include: (1) a USPS tracking confirmation stating an item was delivered on June 22, 2020, at 1:37 PM to an individual in Union City, Tennessee, *see* Dkt. # 20-1, Ex. B; (2) an email from DocuSign confirming that Richard Lee Dilling viewed and signed a document entitled "NTC of Acknowledgement S&C to Serve," signed on June 23, 2020, at 7:22 AM, *see* Dkt. # 20-1, Ex. C; and (3) an Acknowledgement of Receipt, signed by Richard Lee Dilling, on June 23, 2020, *see* Dkt. # 20-1, Ex. D.

Thus, Dilling executed and returned Acknowledgment of Receipt to Plaintiff on June 23. Defendants removed the action on July 31, which is more than 30 days after they were served with the initial pleading.[3]

Accordingly, Defendant failed to timely remove this matter, and Plaintiff's motion to remand is **GRANTED**.

---

[2] Plaintiff objects to the Declaration of Peter Dubrawski, Dkt. # 19, ("*Dubrakski Decl.*"), on the grounds that "counsel chooses to insert hearsay statement in violation of Federal Rule 801 in place of actually getting a declaration from his own client . . . who would have personal knowledge of the facts that Mr. Dubrawski is claiming are true and correct." *See Evidentiary Objection*, Dkt. # 21, 2:5 10. Because the Court finds Plaintiff's attached documents sufficient to establish proper service, the Court does not address this objection.

[3] Defendants do not contest service for the other defendant in this action, John Christner Trucking, LLC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-1541 PSG (SPx) | Date | October 27, 2020 |
|---|---|---|---|
| Title | Kenneth Ray Parson v. John Christner Trucking, LLC et al | | |

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand and the case is **REMANDED** to San Bernardino Superior Court, No. CIVDS1920339.

**IT IS SO ORDERED**.